GALARZA LAW OFFICE, P.C.

J. Ceasar Galarza (JG1557)

5020 Sunrise Highway, 2nd Floor
Massapequa Park, NY 11762
Tel:  516-797-1600
Fax: 516-7995-2619
jgalarza@aol.com
*Attorneys for Plaintiff*

### UNITED STATE DISTRICT COURT FOR
### THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF JAMES KNAUST by A. ELIZABETH KNAUST, ELIZABETH KNAUST, ANTHONY IUZZOLINO and THERESE IUZZOLINO, | ) ) ) ) |
| Plaintiffs | ) ) |
| -against- | ) ) ) |
| NEW YORK CITY POLICE OFFICER ERIK CONTRERAS, NEW YORK CITY POLICE DEPARTMENT, CITY OF NEW YORK, AND ERIC CONTRERAS, IDIVIUALLY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER(S) ALLISON J. BEYERLEIN, NASSAU COUNTY POLICE DETECTIIVE WILLIAM E. MCENROE, NASSAU COUNTY POLICE SERGENT BRIAN J. MURPHY, NASSAU COUNTY POLICE OFFICER TERRENCE M. QUINN, NASSAU COUNTY, HESS EXPRESS NO. 32550 d/b/a HESS GAS STATION and GERALD PRIOLEAU, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) ) |

**COMPLAINT**
**AND**
**JURY DEMAND**

Plaintiffs ESTATE OF JAMES KNAUST by A. ELIZABETH KNAUST,   A.

ELIZABETH KNASUT, ANTHONY IUZZOLINO AND THERESE IUZZOLINO

(collectively referred to herein as "Plaintiffs"), by and through their attorneys at the law firm of Galarza Law Office, P.C., states the following:

## JURISDICTION

1. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1343, over claims arising under 42 U.S.C. § 1983.

2. Supplemental jurisdiction over all Plaintiff's state-law claims exists pursuant to 28 U.S.C. § 1367(a).

3. This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

4. The Plaintiffs have complied with the requirements of New York General Municipal Law Section 50-i by making and serving a notice of claim on the City of New York on April 18, 2014 and on the Corporate Counsel of New York City on April 18, 2014, Nassau County on April 18, 2014and Nassau County Police Department on April 18, 2014.   Those notices were served within the time required by New York General Municipal Law Section 50-e.

5. At the request of the Municipalities, all Plaintiffs herein have submitted or will submit to a hearing pursuant to New York General Municipal Law Section 50-h.

## VENUE

6.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York, the judicial district in which the claims arose.

## JURY DEMAND

7.  Pursuant to the Seventh Amendment of the United States Constitution, plaintiffs request a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

8.  Upon information and belief, and at all times hereinafter, the incidents herein referred to occurred in the Town of Oyster Bay, Village of East Massapequa and or Massapequa, County of Nassau, and State of New York, at the Hess Gas Station located at 6201 Sunrise Highway, Massapequa, NY.

9.  Plaintiff ANTHONY IUZZOLINO AND THERESE IUZZOLINO (hereinafter referred to as "Plaintiff" or "IUZZOLINO"), is and was at all times relevant to this Complaint a citizen a resident of the State of New York, citizens of the United States of America, currently residing in Merrick, and a person within the jurisdiction, entitled to the protection of the Laws of the United States of America.

10. JAMES KNAUST passed on April 3, 2014, resulting from a depression, was at all times relevant to this Complaint a citizen a resident of the State of New York, citizens of the United States of America, and a person within the jurisdiction, entitled to the protection of the Laws of the United States of America.

11. Plaintiff , ESTATE OF JAMES KNAUST, by A. ELIZABETH KNAUST AND A.

ELIZABETH KNAUST (hereinafter referred to "Plaintiff" or "KNAUST"), is and was at all times relevant to this Complaint a citizen and resident of the State of New York, citizens of the United States of America, currently residing in 52 Mark Drive., High Bridge, New Jersey 08829.

12. That at all times hereinafter mentioned, and upon information and belief, Defendant City of NEW YORK (hereinafter referred to as "NYC" or "Defendant") was and still is a municipality subdivision of the State of New York.

13. That at all times hereinafter mentioned, and upon information and belief, Defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD" or "Defendant") is a police department working for NYC and or a subdivision and or department and or a branch of NYC.

14. That at all times hereinafter mentioned, and upon information and belief, Defendant NASSAU COUNTY (hereinafter referred to as "Nassau" or "Defendant") was and still is a municipality subdivision of the State of New York.

15. Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter referred to as "NCPD" or "Defendant") is a police department working for NASSAU COUNTY and or a subdivision and or department and or a branch of NASSAU COUNTY.

16. NEW YORK CITY POLICE OFFICER ERIK CONTRERAS - shield number unknown - (hereinafter "CONTRERAS" or Defendant) was at all times relevant to this Complaint a duly appointed and acting Police Officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of New York City and the State of New York. He is entitled to indemnification under N.Y. Gen. Mun. Law § 50-k and by contract.

17. ERIK CONTRERAS, INDIVDUALLY, address unknown - (hereinafter "CONTRERAS" or Defendant) was at all times relevant to this Complaint off duty when he observed a crime occurring at approximately 4:45 pm on November 1, 2012, at the HESS EXPRESS No. 32550 d/b/a HESS GAST STATION located at 6201 Sunrise Highway, Massapequa, New York, County of Nassau, State of New York and sprung into action as a duly appointed and acting Police Officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of New York City and the State of New York. He is entitled to indemnification under N.Y. Gen. Mun. Law § 50-k and by contract.

18. NASSAU COUNTY POLICE DEPARTMENT OFFICER ALLISON J. BEYERLEIN - shield number 7639 - (hereinafter "BEYERLEIN" or Defendant), NASSAU COUNTY POLICE DEPARTMENT DETECTIIVE WILLIAM E. MCENROE - shield number 7741 - (hereinafter "MCENROE" or Defendant), NASSAU COUNTY POLICE DEPARTMENT SERGENT BRIAN J. MURPHY - shield number 7221 - (hereinafter "MURPHY" or Defendant), NASSAU COUNTY POLICE DEPARTMENT OFFICER TERRENCE M. QUINN - shield number 8583 - (hereinafter "QUINN" or Defendant),   WERE /was at all times relevant to this Complaint a duly appointed and acting Police Officer of the NCPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies,

customs, and usage of New York City and the State of New York. He is entitled to indemnification under N.Y. Gen. Mun. Law § 50-k and by contract.

19. HESS EXPRESS No. 32550 d/b/a HESS GAS STATION (hereinafter "Hess" or Defendant) was at all times relevant to this Complaint located at 6201 Sunrise Highway, Massapequa, New York, County of Nassau, State of New York.

20. Gerald PRIOLEAU (hereinafter "PRIOLEAU" or Defendant) was at all times relevant to this Complaint the perpetrator of the complained of incident herein, located at an unknown address in the County of Nassau or Suffolk, State of New York.

<u>INTRODUCTION</u>

21. On October 29, 2012, HURICANE / SUPERSTORM SANDY hit the Long Island are, devastating the area, causing massive flooding, power outages, and a shortage of gasoline throughout Long Island and the tri-state area, resulting in people waiting on long lines to secure gasoline for their vehicles and or generators.

22. On or about November 1, 2012 at about 2:45 p.m., JAMES KNAUST and ANTHONY IUZZOLINO went to Hess Gas Station located at 6201 Sunrise Highway, Massapequa, New York, County of Nassau, State of New York and waited on line for two hours to secure Gasoline.

23. On or about November 1, 2012 at about 4:45 p.m., Defendant Prioleau, approximately 6'2'', 220lbs., walked up to the cashier at said Hess and asked if he

could cut the long line because he needed Gasoline and it was an emergency.

24. On or about November 1, 2012 at about 4:45 p.m., MIRZA BAIG, a cashier for Defendant Hess, told Defendant Prioleau he needed to ask the person at the pump, a woman (hereinafter "Jane Doe") securing gasoline.   JAMES KNAUST and ANTHONY IUZZOLINO were next in line to buy gasoline.

25. On or about November 1, 2012 at about 4:45 p.m., after Defendant Prioleau had a conversation with Jane Doe, Defendant Prioleau walked toward the gasoline pump to in order to secure gasoline.   ANTHONY IUZZOLINO, approximately 5'8'', 180 lbs., walked up to the gasoline pump and with his back facing Defendant Prioleau stood in front of him facing the gasoline pump and told Defendant Prioleau, "if you touch these pumps, we are going to have a problem".

26. On or about November 1, 2012 at about 4:45 p.m., Defendant Prioleau grabbed, pushed, punched and assaulted ANTHONY IUZZOLINO, throwing ANTHONY IUZZOLINO to the ground and began fighting with ANTHONY IUZZOLINO.

27. On or about November 1, 2012 at about 4:45 p.m., after Defendant Prioleau and ANTHONY IUZZOLINO began fighting, JAMES KNAUST got out of his car from the driver's side and tried to break up the fight.

28. On or about November 1, 2012 at about 4:45 p.m., after Defendant Prioleau pushed, grabbed, wrestled and assaulted ANTHONY IUZZOLINO causing physical injury to ANTHONY IUZZOLINO.

29. On or about November 1, 2012 at about 4:45 p.m., after Defendant Contreras
identified himself as a New York City Police Officer, Contreras grabbed Defendant
Prioleau, fought and physically restrained Defendant Prioleau, and when Defendant
Prioleau resisted and tried to flee, Defendant Contreras grabbed, fought, wrestled,
punched, physically restrained and assaulted Defendant Priopleau through out the
body and face and ordered him to Stop Resisting.

30. On or about November 1, 2012 at about 4:45 p.m., Defendant Contreras grabbed,
fought, wrestled, punched, physically restrained and assaulted Defendant Prioleau,
causing physical injury to Defendant Priopleau.

31. On or about November 1, 2012 at about 4:45 p.m., after Defendant Contreras
secured Defendant Prioleau, Defendant phoned 911 emergency to report the incident
to the Nassau County Police Department.


### AS TO OFFICER CONTRERAS

32. On or about November 1, 2012 at about 4:45 p.m., Defendant Contreras, reported
the foresaid incident to the 911 dispatcher as follows (in sum and substance – see
complete transcript of call as Exhibit "A"):


> **Officer Erik Contreras:** *Shut your fucking mouth! (Speaking to Defendant Prioleau)*

> **Officer Erik Contreras:** *How you doing?   My name is Officer Contreras.   I'm on East Willow Street and Sunrise Highway (the location of the Hess Station).   **I just had an assault take place.***

*Operator:* Okay.   You're an officer from Nassau County?

*Officer Erik Contreras:* I'm from the NYPD.   I'm off duty.   **I have a person on the floor.   He's resisting** (referring to Defendant Prioleau).

*Officer Erik Contreras:* **He tried to uhh.....he attacked me.**

*Operator:* Sunrise Highway and East Willow Street? Right?

*Officer Erik Contreras:* Sunrise Highway and East Willow Street. Yeah.   Can you get an ambulance here please?

*Operator:* He assaulted you?

*Officer Erik Contreras:* **He assaulted a civilian and he attacked me as I stopped him.**

*Officer Erik Contreras:* **I have him on the ground restrained because he tried to get away.**

*Operator:* Who's injured?

*Officer Erik Contreras:* **One of the civilians is injured and he's also injured and I have blood on my hands and I just need an ambulance.**

33.  On or about November 1, 2012 at about 4:55 p.m., BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN arrived at Hess and conducted an investigation based on information provided to them by Contreras.

34. On or about November 1, 2012 at about 4:55 p.m., CONTRERAS reported to the Nassau County police department via a DB 32 that an Assault had occurred against Defendant Prioleau at the Hess Gas Station located at 6201 Sunrise Highway, Massapequa, New York, County of Nassau, State of New York and said report implicated ANTHONY IUZZOLINO and JAMES KNAUST as the perpetrators **CONTRARY TO WHAT CONTRERAS REPORTED TO THE 911 DISPATCHER**.   See DB32 annexed hereto as Exhibit "B".

35. On or about November 1, 2012 at about 4:55 p.m., CONTRERAS reported to the Nassau County police department via a DB 32 that an Assault had occurred against Defendant Prioleau at the Hess Gas Station located at 6201 Sunrise Highway, Massapequa, New York, County of Nassau, State of New York resulting in the arrest of ANTHONY IUZZOLINO and JAMES KNAUST as the perpetrators.

36. On or about November 1, 2012 at about 4:55 p.m., BOTH ANTHONY IUZZOLINO and JAMES KNAUST were arrested and charged with a class d felony assault in violation of Penal Law Section 120(2) sub 2.

37. On or about November 2, 2012 at about 11:00 a.m., ANTHONY IUZZOLINO and JAMES KNAUST were arraigned on a felony complaint and released.

38. BOTH ANTHONY IUZZOLINO and JAMES KNAUST went through the court

process, with numerous court appearances, missing time from work, and ultimately the aforesaid charges, which were eventually reduced to misdemeanor assaults, were dismissed on March 3, 2014.

39. On or about November 1, 2012, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN, spoke to and received radio communication from the 911 dispatcher, spoke to and received radio communication amongst each other, interviewed Contreras and Prioleau, and took a statement(s) from them.

40. On or about November 1, 2012, at approximately 4:45 p.m., BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN, opened their investigation of the above matter on closed it immediately thereafter.

41. Upon information and belief, On or about November 1, 2012, at approximately 4:45 p.m., BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN merely interview the Contreras and Prioleau as part of their investigation.

42. Upon information and belief, On or about November 1, 2012, at approximately 4:45 p.m., BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN, were informed that there were video cameras and or surveillance and recordings of the alleged incident.

43. Upon information and belief, BEYERLEIN, DET MCENROE, SERGENT

MURPHY and QUINN knew or should have known that there were video cameras mounted at the Hess where the incident occurred and failed to investigate same.

44.   Notwithstanding this information or the inconsistencies of Contreras' 911 call and his statement to BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN, said defendants never attempted to obtain, view and or secure any video of the alleged incident before closing their case.

45.   During arrest and subsequent detention and court appearances, ANTHONY IUZZOLINO and JAMES KNAUST were visibly frightened, embarrassed, angry and depressed.

46.   ANTHONY IUZZOLINO and JAMES KNAUST truthfully maintained their Innocence throughout the entire incident and subsequent criminal process.

47.   NCPD failed to obtain a confession from ANTHONY IUZZOLINO and JAMES KNAUST, and failed to investigate ANTHONY IUZZOLINO and JAMES KNAUSTs' claims of innocence.

48.   ANTHONY IUZZOLINO and JAMES KNAUST also experienced the mortification of having their families see them go through the arrest, arraignment process, and subsequent numerous court appearances, their names and arrest reported and posted in the local newspapers, and their personal relationships suffer.

49. ANTHONY IUZZOLINO and JAMES KNAUST and their families also experienced the mortification of having the Plaintiffs go through the arrest and arraignment process.

## DAMAGES

50. The actions of all the individual defendants, acting within the scope of their employment with the City of New York, and Nassau County deprived Plaintiffs of their rights under the First, Fourth and Fourteenth Amendments of the United States Constitution and the laws of New York.

51. As a direct and foreseeable result of defendants' misconduct, Plaintiffs were wrongfully arrested for crimes that did not happen and or committed by others, for crimes they did not commit, were completely innocent, and wrenched from their lives as they knew it, and from family and friends.

52. The negligent, unlawful, willful, wonton, deliberately indifferent, reckless and/or bad faith acts and omissions of defendants caused ANTHONY IUZZOLINO and JAMES KNAUST and their families the following damages, which continue to date and will continue into the future: the death of JAMES KNAUST (on April 3, 2014) resulting from depression, loss of freedom, personal injuries; pain and suffering; loss of liberty; severe mental and emotional injury and anguish; loss of family relationships, severe psychological damage; infliction of emotional and physical injury,   and emotional and physical sickness, including but not limited to extreme stress; humiliation, indignities and embarrassment; degradation; fear; loss of standing in

the community; permanent loss of natural psychological and social development /
maintenance; and restrictions on all forms of personal freedom including but not limited
to diet, sleep, personal contact, educational opportunities, vocational opportunities,
employment opportunities, personal fulfillment, family relationships, reading,
television, movies, travel, enjoyment and expression, for which they are each
entitled to monetary relief.

53. Those same actions and omissions by defendants caused all plaintiffs to experience a
loss of relationship with family, including the financial and other support, nurture,
love, guidance, and training; loss of educational opportunity; loss of employment,
severe psychological damage; infliction of emotional and physical injury, emotional
and physical sickness, including but not limited to extreme stress; humiliation,
indignities and embarrassment; degradation; fear; loss of standing in the community;
and permanent loss of natural psychological and social development / maintenance.

54. The non-negligent acts and omissions committed by the defendants described herein for
which liability is claimed were done intentionally, unlawfully, maliciously, wantonly,
recklessly, and/or with bad faith, and said acts meet all of the standards for
imposition of punitive damages, except as to the claims against the City of New
York and Nassau County.

**FEDERAL CLAIMS**

**COUNT 1**

42 U.S.C. § 1983 Fourth Amendment Claim

55. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1 through 54 and further allege as follows:

56. Upon information and belief, and at all times hereinafter mentioned, Defendants NYC, NYPD, Nassau, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN, and Doe officers and supervisors, Contreras, made false statements, mislead and or lied about Plaintiffs, failed to adequately investigate the Crimes, thereby violating both Plaintiffs clearly established right, under the Fourth and Fourteenth Amendments of the United States Constitution, to be free of unreasonable searches and seizures, false arrest and malicious prosecution.

57. Upon information and belief, and at all times hereinafter mentioned, additionally, defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, acting individually and in concert, ignored the facts in front of them, manipulated facts, mislead, lied, made false statements and reports, and failed to investigate, which resulted in depriving Plaintiffs and their families their clearly established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution, including but not limited to the right not to be subject to unreasonable seizure.

58. Upon information and belief, and at all times hereinafter mentioned, BEYERLEIN, DET

MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, acting individually and in concert, knew or should have known, said complaint(s) were false.

59. Upon information and belief, and at all times hereinafter mentioned, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, acting individually and in concert, conspired, aided and abetted each other in reporting, investigating, filing a complaint and or arresting Plaintiffs.

60. The defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, performed the above-described acts under color of state law, deliberately, intentionally, wantonly, with malice or reckless disregard for the truth; in violation of their obvious and basic duties to protect; and with deliberate indifference to Plaintiff's clearly established constitutional rights.

61. Upon information and belief, and at all times hereinafter mentioned, said criminal complaint was made to protect and or shield Contreras from liability, and to induce the false and baseless prosecution of Plaintiffs.

62. Upon information and belief, and at all times hereinafter mentioned, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, acting individually and in concert, conspired, aided and abetted each other in

reporting, investigating, filing a complaint and or arresting Plaintiffs.

63. That as a result of the conduct complained of herein, Defendants NYC and Nassau are liable for the individual Defendant's acts pursuant to the Doctrine of Respondent Superior, and or pursuant to their official policies and forbearances, and or pursuant to the Laws of the State of New York, New York City Laws, Nassau County Laws, Local Ordinances, and or employment indemnity contracts.

64. That as a result of the foregoing, Plaintiffs had to retain counsel, incur expenses, and suffer loss of income.

65. That as a result of the foregoing, Plaintiffs could not lead their normal lives.

66. That as a result of the foregoing, James Knaust was severely depressed and committed suicide.

67. That as a result of the foregoing, plaintiffs have been deprived of the following rights, privileges and immunities secured to him by the Constitution and the laws of the United States: the right to speak associate freely and to enjoy personal liberty and freedom of movement and assembly under the First and Fourteenth Amendments; the right to be secure in a person effects against an unreasonable and unlawful search and seizure under the Fourth and Fourteenth Amendments; the right not to be stopped, detained, arrested nor falsely charged without due and probable cause under the Fourth, Fifth, Sixth and Fourteenth Amendments; the right not to be

falsely stopped, detained and arrested, nor to be deprived of his life, liberty or property without due process of law, and the right to the equal protection of the laws under the Fourth, Sixth and Fourteenth Amendments; the right not to be deprived of his liberty without due process of the law under Fifth and Fourteenth Amendments; the right to be timely informed of the nature and cause of the arrest and accusations, and to have sworn truthful accusations made against them under the Fifth, Sixth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

68. That as a result of the foregoing, plaintiffs have suffered a loss of his sense of security and trust in the protection government is supposed to provide through its police and prosecutors, and instead believes and fears harm from them.

69. That a result of the foregoing, plaintiffs have suffered and will continue to suffer permanent consequential emotional fear and a lack of comfort and safety

70. As a direct and proximate result of defendants' conduct, Plaintiffs were wrongly, negligently and maliciously prosecuted, suffered a prolonged stress and humiliation, depression, as well as the other grievous and continuing damages and injuries set forth above.

## COUNT II

42  .S.C. § 1983 Fourteenth Amendment Claim

71. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1
through 70 and further allege as follows:

72. The defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET
MCENROE, SERGENT MURPHY and QUINN and Doe officers and
supervisors, Contreras, their conduct and under color of state law, had
opportunities to intercede on behalf of Plaintiffs, to prevent Plaintiffs' false
arrest, malicious prosecution, false imprisonment, and deprivation of liberty
without due process of law, but, due to their intentional conduct and/or reckless
or deliberate or malicious, and wonton indifference, declined or refused to do
so.

73. The defendant NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET
MCENROE, SERGENT MURPHY and QUINN and Doe officers and
supervisors, Contreras failures to intercede violated Plaintiffs clearly
established constitutional rights, including but not limited to not to be deprived
of liberty without due process of law as guaranteed by the Fourteenth
Amendment.

74. Defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras committed these acts under color of state law, intentionally, with reckless disregard for the truth and with deliberate indifference to Plaintiffs' clearly established constitutional rights.

75. As a direct and proximate result of defendants' NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras' actions Plaintiffs were wrongly prosecuted, and suffered the other grievous and continuing damages and injuries set forth above.

**COUNT III**

42 .S.C. § 1983 First and Fourteenth Amendment Claim for
Interference with Family Relationships

43

76. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1 through 75 and further allege as follows:

77. Defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras acting individually and in concert, by their conduct as previously described, deprived Plaintiffs' of their clearly established constitutional rights under the First and Fourteenth Amendment of the United States Constitution, including but not

limited to the rights to family association; for a parent to live with their child(ren), and to participate in their child(ren)'s education, nurturing and development; and to protect and care for their Infants.

78. Defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras committed these acts under color of state law, intentionally, with reckless disregard and/or deliberate indifference to plaintiffs' clearly established constitutional rights, and with full knowledge that their actions would interfere with the lives of Plaintiffs.

79. As a direct and proximate result of defendants' NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras' actions Plaintiffs' were wrongly prosecuted, as well as the other grievous and continuing damages and injuries set forth above.

## S T A T E   L A W   C L A I M S

### COUNT IV

False Arrest and Malicious Prosecution

80. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1 through 80 and further allege as follows:

81. Defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, with malice and or negligence, acting individually and or in concert caused Plaintiffs to be arrested, charged, and prosecuted for those and other crimes in Nassau County, in violation of the laws of the State of New York.

82. Defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, with malice and or negligence, caused Plaintiff to be arrested, charged, prosecuted and jailed in violation of the laws of the State of New York.

83. Defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, engaged in these acts within the scope of their employment and are entitled to indemnification pursuant to Gen. Mun. Law §§ 50-j, 50-k and 50-1 and by contract.

84. As a direct and proximate result of defendants' conduct, Plaintiffs were maliciously and or negligently prosecuted, and suffered the other grievous and continuing damages and injuries set forth above.

## COUNT V

Intentional, Reckless or Negligent Infliction of Emotional Distress

85. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1
    though 84 and further allege as follows:


86. The improper, deliberate and traumatizing conduct of all defendants NYC,
    NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT
    MURPHY and QUINN and Doe officers and supervisors, Contreras, Hess,
    and or its agents and or employees, Prioleau, in refusing to act truthfully, in
    failing to control the lines at the station, resulted in Plaintiffs' wrongful arrest
    and prosecution, and concomitant severe emotional distress, was extreme and
    outrageous.   It directly and proximately caused Plaintiffs to suffer the grievous
    and continuing injuries and damages set forth above.


87. In the alternative, all defendants negligently and grossly negligently, and
    in breach of their duties owed to Plaintiffs and other patron of Hess to, *inter
    alia,* report accurately the information given to them; in failing to report
    truthfully, report accurately the information taken from other witnesses and
    their investigative responses to such information; in failing to organize the
    long gas lines, and otherwise acting to deny Plaintiffs due process of law,
    directly and proximately caused Plaintiffs to be falsely arrested, maliciously
    prosecuted.   Defendants' actions unreasonably endangered Plaintiffs'

physical and emotional health and safety, and caused Plaintiffs to suffer physical and emotional harm, death, including physical ailments, depression and to fear for Plaintiffs' physical safety.

## COUNT VI

## Negligence

88. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1 through 87 and further allege as follows:

89. All defendants NYC, NYPD, Nassau County, NCPD, BEYERLEIN, DET MCENROE, SERGENT MURPHY and QUINN and Doe officers and supervisors, Contreras, Hess and Prioleau are liable for negligence, having breached their duty of reasonable care to Plaintiffs.

90. Specifically, without limitation and by way of example, defendants:

   a. despite their notice and knowledge, as outlined above, failed to investigate and keep order of the patrons on the premises;

   b. despite their notice and knowledge, failed to adequately protect plaintiff's from physical and emotional injury despite having a reasonable opportunity to do so;

   c. despite their notice and knowledge, failed to protect Plaintiff's constitutional rights.

91. Defendants' negligence and gross negligence directly and proximately

caused Plaintiffs, to be falsely arrested, maliciously prosecuted, as well as the other damages previously described.

## COUNT VII

### Loss of Society

92. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1 through 91 and further allege as follows:

93. By reason of the foregoing, plaintiffs have been deprived of the services, society and companionship of their husbands and will be further deprived of their services society and companionship, which is continuing and may be permanent.

## COUNT VIII

### Wrongful Death

94. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs 1 through 93 and further allege as follows:

95. By reason of the foregoing, the defendants' conduct indirectly resulted in Jame knaust's death.

WHEREFORE, Plaintiffs pray as follows:

A.      That the Court award compensatory damages to plaintiffs and against the defendants for each and every claim, jointly and severally, in an amount to be determined at trial;

B.      That the Court award punitive damages to plaintiffs, and against all individual defendants for each and every claim, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

C.      For a trial by jury;

D.      For pre judgment and post judgment interest and recovery of plaintiffs' costs, including, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims, all costs available under 28 U.S.C. § 1920, and all other costs, including attorneys fees, available under applicable laws; and

E.      For any and all other relief to which plaintiffs may be entitled to.

GALARZA LAW OFFICE, P.C.
J. Ceasar Galarza (JG1557)
5020 Sunrise Highway, 2nd Floor
Massapequa Park, NY 11762
Tel:  516-797-1600
Fax: 516-7995-2619
jgalarza@aol.com
*Attorneys for Plaintiff*